## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LINA B. CALDWELL, as sister, and as Administratrix of the Estate of Larry Caldwell, deceased,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Civil Action No.:_____** ) |
| **AMERICAN HONDA MOTOR CO., INC., a corporation; HONDA MOTOR CO. LTD, a corporation; HONDA NORTH AMERICA, INC., a corporation; HONDA OF CANADA MANUFACTURING d/b/a HONDA CANADA, INC., a corporation; HONDA R&D AMERICAS, INC., a corporation; and HONDA R&D CO., LTD, a corporation;** | ) *Jury Trial Demanded* ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Lina Caldwell, as sister, and as Administratrix

of the Estate of Larry Caldwell, deceased, by and through her undersigned counsel

of record and shows unto the Court the following:

## PARTIES

1.     The Plaintiff, Lina B. Caldwell, is a resident of Fulton County,

Georgia, and is the sister and duly appointed Administratrix of the Estate of Larry

Caldwell, deceased, by virtue of the Order of the Probate Court of DeKalb County, Georgia, a copy of which is attached hereto as Exhibit "A".

2.      Plaintiff Lina Caldwell, individually as surviving sister, and in her capacity as the Administratrix of the Estate of Larry Caldwell, deceased, hereby states her intention bring each and every claim permissible under Georgia law due to the death of Larry Caldwell, including all wrongful death claims and all estate-based claims.  Plaintiff further states her intention to seek all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, punitive, and all other damages permissible under Georgia law.

3.      Defendant American Honda Motor Co., Inc. is a California corporation, with its principal place of business in California, and does business throughout the United States, including the State of Georgia, for profit. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant American Honda Motor Co., Inc. was qualified to do business and solicited for sale and sold its motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant American Honda Motor Co., Inc. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of

Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant American Honda Motor Co. Inc. maintains a registered agent upon which service can be had, to wit: Paul Scott, at 5 Glynn Avenue, Brunswick, Georgia 31502.

4.     Defendant Honda Motor Co., Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan and does business throughout the United States, including the State of Georgia, for profit. At the time of the occurrence made the basis of this action, and for some time prior thereto, Honda Motor Co., Ltd. was in the business of designing, manufacturing, testing, marketing, distributing and/or selling vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Honda Motor Co., Ltd. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of

3

commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Honda Motor Co., Ltd. can be served with process through the Hague Convention Treaty, to wit: Honda Motor Co., Ltd, 2-1-1, Minami-Aoyama, Minato-ku, Tokyo, 107-8556, Japan.

5.      Defendant Honda North America Inc. is a California corporation, with its principal place of business in California, and does business throughout the United States, including the State of Georgia, for profit. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant Honda North America Inc. was qualified to do business and solicited for sale and sold motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Honda North America, Inc. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Honda North America, Inc. maintains a registered

agent upon which service can be had, to wit: InCorp. Services, Inc. at 2000 Riveredge Parkway, Suite 885, Atlanta, Georgia 30328.

6.     Defendant Honda of Canada Manufacturing d/b/a Honda Canada, Inc., is a foreign corporation, with its principal place of business in Canada, and does business throughout the United States, including the State of Georgia, for profit. Upon information and belief, Honda of Canada Manufacturing is a division of Honda Canada, Inc. At the time of the occurrence made the basis of this action, and for some time prior thereto, Honda of Canada Manufacturing d/b/a Honda Canada, Inc., was in the business of designing, manufacturing, testing, marketing, distributing and/or selling vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Honda of Canada Manufacturing d/b/a Honda Canada, Inc. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Honda of Canada Manufacturing d/b/a Honda Canada, Inc. can be served with process

through the Hague Convention Treaty, to wit: 180 Honda Boulevard, Markham ON L6C 0H9, Canada.

7.     Defendant Honda R&D Americas, Inc., is a California corporation, with its principal place of business in California, and does business throughout the United States, including the State of Georgia, for profit. At the time of the occurrence made the basis of this action, and for some time prior thereto, Honda R&D Americas, Inc., was in the business of designing, manufacturing, testing, marketing, distributing and/or selling vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Honda R&D Americas, Inc. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Honda R&D Americas, Inc. can be served with process, to wit: CT Corporation System, 818 West 7th Street, Suite 930, Los Angeles, CA 90017.

8.     Defendant Honda R & D Co., Ltd. is a foreign for-profit corporation organized and existing under the laws of Japan with its principal place of business in Japan, and does business throughout the United States, including the State of Georgia for profit. Honda R&D Co., Ltd. is a subsidiary of Honda Motor Co., Ltd., and works in conjunction with American Honda Motor Co., Inc., and other Honda entities, in the research, design and development of certain aspects of Honda brand vehicles, including testing and developing safety technologies for same.  At the time of the occurrence made the basis of this action, and for some time prior thereto, Honda R&D Co., Ltd., was in the business of designing, manufacturing, testing, marketing, distributing and/or selling vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Honda R&D Co., Ltd. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Honda R&D Co., Ltd. can

be served with process through the Hague Convention Treaty, to wit: 1-4-1 Chuo, Wako-shi, 351-0193, Japan.

9.     Defendant American Honda Motor Co., Inc. is in the business of designing, testing, manufacturing, distributing and selling motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this complaint.

10.    Defendant Honda Motor Co., Ltd. is in the business of designing, testing, manufacturing, distributing and selling motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this complaint.

11.    Defendant Honda North America, Inc. is in the business of designing, testing, manufacturing, distributing and selling motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 involved in the incident made the basis of this complaint.

12.    Defendant Honda of Canada Manufacturing d/b/a Honda Canada, Inc. is in the business of designing, testing, manufacturing, distributing and selling motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 involved in the incident made the basis of this complaint.

13.    Defendant Honda R&D Americas, Inc. is in the business of designing, testing, manufacturing, distributing and selling motor vehicles, including the 22015

8

Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this complaint.

14.    Defendant Honda R&D Co., Ltd., is in the business of designing, testing, manufacturing, distributing and selling motor vehicles, including the 2015 Honda CRV VIN# 2HKRM3H7XFH530504 ("subject vehicle") involved in the incident made the basis of this complaint.

15.    Defendants American Honda Motor Co., Inc., Honda Motor Co., Ltd., Honda North America, Inc., Honda of Canada Manufacturing d/b/a Honda Canada, Inc., Honda R&D Americas, Inc., and Honda R&D Co., Ltd. will hereinafter be collectively referred to as the "Honda Defendants."

## JURISDICTION AND VENUE

16.    This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.  28 U.S.C. §1332(a)(1).

17.    Venue is proper in this Court pursuant to LR 3.1, N.D. Ga. and 28 U.S.C. §1391.

## STATEMENT OF THE FACTS

18.    On or about April 3, 2016, Plaintiff's decedent, who was properly belted, was operating the subject vehicle south on Houston Mill Road near Clifton Road in DeKalb County, Georgia. At said time and place, Plaintiff's decedent was

caused to lose control of the subject vehicle, resulting in the subject vehicle leaving the roadway and colliding with a tree. At the time of the subject incident, the driver's seatbelt restraint system failed to properly restrain Plaintiff's decedent, causing him to suffer severe injuries, resulting in his death.

19.     The subject vehicle was designed, developed, manufactured, tested, marketed, distributed, and sold by the Honda Defendants. At the time of the occurrence made the basis of this lawsuit, the subject vehicle was in substantially the same condition as it was when manufactured and sold by the Honda Defendants.

20.     At all material times, the subject vehicle was being used and operated for the purpose and in the manner for which it was designed and sold.  The said vehicle was not reasonably safe when being so used in a foreseeable manner but, to the contrary, was defective when being so used. The Defendants knew, or in the exercise of reasonable care should have known, that said vehicle was dangerous to the human body when being so used in a foreseeable manner.

21.     As a direct and proximate result of the wrongful conduct of the Honda Defendants, Plaintiff's decedent suffered fatal injuries. Plaintiff Lina Caldwell, as sister, and as the Administratrix of the Estate of Larry Caldwell, deceased, sues for each and every claim permissible under Georgia law due to the death of Larry Caldwell, including all wrongful death claims and all estate-based claims. Plaintiff

seeks all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering prior to his death, the full value of the life of Larry Caldwell, and all compensatory, special, actual, punitive, and all other damages permissible under Georgia law as a result of his injuries and death, all of which were proximately caused by the acts and omissions of the Defendants as herein described.

## COUNT ONE
## STRICT LIABILITY

22.     Plaintiff adopts and re-alleges paragraphs 1-21 as previously set forth in this Complaint as if fully set out herein.

23.     At all times material to his cause of action, the Honda Defendants were in the business of, and gained profits from, selling, distributing and marketing vehicles through the stream of commerce.

24.     The Honda Defendants designed, developed, manufactured, assembled, tested, distributed, marketed, sold, and placed in the stream of commerce the subject vehicle.

25.     The Honda Defendants designed, manufactured, marketed, promoted, sold, distributed and/or supplied the subject vehicle, which is defective is defective in its design and manufacture as marketed, as was manifested by the failure of the driver's seatbelt restraint system to adequately restrain Larry Caldwell during the subject crash and prevent or minimize injurious interior contacts.

11

26.    The Honda Defendants are liable to the Plaintiff on the basis of strict liability because they designed, manufactured, advertised, marketed, tested, inspected, furnished, sold and distributed the subject vehicle by placing it into the stream of commerce when it was neither merchantable nor reasonably suited for the use for which it was intended and was otherwise defective and unreasonably dangerous.  At the time of the incident made the basis of Plaintiff's Complaint, the subject vehicle was in substantially the same condition as when designed, manufactured, furnished, sold and/or distributed, and the defective nature of the subject vehicle was the proximate cause of the injuries, death and damages sustained by the Plaintiff's decedent, Larry Caldwell.

27.    The subject 2015 Honda CRV and its component parts were in a defective condition at the time of the aforesaid occurrence in that:

(a)    The CRV's driver's seat belt restraint system, was defectively and/or inadequately designed, tested, manufactured, assembled and installed such that during foreseeable crash events it would fail to provide reasonable and adequate restraint to vehicle occupants.

(b)    The CRV was not reasonably crashworthy.

(c)    The CRV's driver seat belt restraint system was defective in design, manufacture, assembly and warnings because it failed to provide adequate and reasonable protection and restraint for occupants exposed to foreseeable crash forces in a collision.

(d)    The design of the CRV and its component parts failed to integrate the various occupant restraint and occupant

protection components in such a way that would reasonably protect occupants in foreseeable collision.

(e)     The CRV and its component parts were defective due to the Defendants' failure to test or adequately test the vehicle and its parts to ensure they were reasonably safe and suitable for their intended purpose and use and to ensure that they would provide adequate occupant protection in a collision.

(f)     The CRV and its component parts were defective due to inadequate or absent warnings and/or proper notice to alert users regarding the hazardous conditions, as herein described, involving their use and operation.

(g)     As designed and manufactured by the Honda Defendants, the risks associated with the 2015 Honda CRV, in particular the defective nature of the driver's seat belt restraint system, outweigh the utility of the produce, such that at all times relevant, the subject vehicle was defective.

(h)     At the time the subject vehicle was designed, manufactured and sold, alternative designs, specifically related to the seat belt restraint system, would have made the product safer than the original design and were a marketable reality, technologically feasible and would have prevented or minimized Larry Caldwell's injuries.

28.     The dangerous nature of the subject vehicle and its component parts as herein described, created a high probability that when the vehicle was involved in foreseeable collisions, severe and/or fatal injuries to vehicle occupants would result. The Honda Defendants knew, or in the exercise of reasonable care, should have known of the risks associated with the use and operation of the CRV prior to production and marketing of the subject vehicle.  The aforesaid defects in the subject vehicle were not known to Plaintiff's decedent and were not discoverable

through reasonable inspection.

29.     During the subject crash, the decedent's seat belt restraint system failed to provide him reasonable and adequate protection and restraint, allowing injurious interior contacts.

30.     As a proximate result of the defective condition of the subject vehicle, in particular of driver's seat belt restraint system, Larry Caldwell was not adequately restrained and not adequately protected in the subject crash, resulting in the severe injuries and damages suffered by him, which resulted in his death.

## COUNT TWO
## NEGLIGENCE

31.     Plaintiff adopts and re-alleges paragraphs 1-30 as previously set forth in this Complaint as if fully set out herein.

32.     The Honda Defendants were negligent in the following respects in the design, manufacture, testing, distribution, sale, advertising and/or warning regarding the subject vehicle:

    (a)    Failure to design, test, manufacture, assemble and install the CRV's driver's seat belt restraint system in such a manner that during foreseeable crash events it would provide reasonable and adequate restraint to vehicle occupants.

    (b)    Failure to ensure the CRV was reasonably crashworthy.

    (c)    Failure to warn, design, manufacture, and assemble the CRV's driver seat belt restraint system so that it would provide adequate and reasonable protection and restraint for occupants exposed to foreseeable crash forces in a collision.

14

(d)     Failure to design the CRV and its component parts by integrating various occupant restraint and occupant protection components in such a way that would reasonably protect occupants in foreseeable collision.

(e)     Failure to test or adequately test the CRV and its parts to ensure they were reasonably safe and suitable for their intended purpose and use and to ensure that they would provide adequate occupant protection in a collision.

(f)     Failure to provide reasonable and adequate warnings and/or failure to provide proper notice to alert users of the CRV regarding the hazardous conditions, in particular the condition of the driver's seat belt restraint system.

33.     At the time the Honda Defendants designed, developed, manufactured, engineered, tested, marketed, inspected, distributed and/or sold the subject vehicle, they had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, engineer, test, inspect, market, distribute and sell the product so as not to subject occupants of the vehicle to an unreasonable risk of injury, harm or death.  Further, the Honda Defendants had a duty to foreseeable owners, operators and passengers of the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing and selling the subject vehicle as other similar entities would have exercised.

34.     The Honda Defendants breached their duties, and its negligent conduct was a substantial contributing factor and proximate cause of the fatal

15

injuries and damages suffered by Plaintiff's decedent.

35.     The subject vehicle was equipped with a seat belt restraint system that should have properly restrained and protected the decedent, including, but not limited to, preventing and/or minimizing injurious contacts with the interior of the vehicle. However, during the course of the subject crash, Plaintiff's decedent was not adequately restrained and protected despite his use of the available driver's seat belt restraint system; thus, resulting in his severe and fatal injuries.

36.     As a direct and proximate result of the Honda Defendants' negligence, Plaintiff's decedent, Larry Caldwell, suffered fatal injuries.

## COUNT THREE
## PUNITIVE DAMAGES

37.     The Plaintiff adopts and re-alleges paragraphs 1-36 as previously set forth in this Complaint as if fully set out herein.

38.     At the time the Honda Defendants designed, developed, engineered, manufactured, assembled, tested or failed to test, inspected or failed to inspect, marketed, furnished, sold, and/or distributed the 2015 Honda CRV involved in the incident made the basis of Plaintiff's complaint, it knew the subject vehicle was not reasonably safe when being so used in a foreseeable manner. Specifically, they knew that the failure of a seat belt restraint system to adequately restrain and protect an occupant from injurious contacts with the interior of the vehicle would likely result in severe and fatal injuries to vehicle occupants. Despite having this

knowledge, the subject driver's seat belt restraint system was designed and manufactured in such a way that it failed to adequately restrain and protect Plaintiff's decedent from injurious interior contacts.

39.    The Honda Defendants' actions and conduct in the design, development, manufacture, engineering, testing, marketing, inspection, distributing and/or selling the subject vehicle, were willful, wanton, malicious and/or reckless, and evidenced an entire want of care indicative of a conscious indifference to the consequences to the members of the general public, and the decedent in particular, who would reasonably be expected to be affected by such actions and conduct of the Defendants.

40.    As a result of the above, the Honda Defendants are liable to the Plaintiff for punitive damages in an amount to be determined by the jury at the trial of this case to punish and penalize such conduct and deter such similar future conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lina Caldwell, as sister, and as Administratrix of the Estate of Larry Caldwell, deceased, prays for judgment on all counts set forth in her Complaint and an aware of damages against Defendants, as follows:

a.  For the full value of the life of Plaintiff's decedent;

b.  For the conscious pain and suffering of Larry Caldwell prior to his death in

an amount as may be shown by the evidence and determine by the jury;

c. For the medical expenses, funeral and burial expenses, and all other necessary expenses of Larry Caldwell;

d. For all compensatory, general and special damages as allowed by law;

e. For punitive damages in such amounts as may be shown by the evidence and determined by the jury in their enlightened conscience;

f. That the Defendants be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution of this case;

g. For pre-judgment and post-judgment interest;

h. Granting any and all such other and further relief as the Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: March 14, 2017.

Respectfully submitted,

*/s/ Thomas P. Willingham*
**Thomas P. Willingham**
Georgia Bar No. 235049
**POPE McGLAMRY, P.C.**
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, Georgia 30326
(404) 523-7706

Fax: (404) 524-1648
Email:  efile@pmkm.com

**Peter A. Law**
Georgia Bar No. 439655
**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia  30308
(404) 814-3700
Fax:  (404) 842-7710
Email:  pete@lawmoran.com

*Attorneys for Plaintiffs*