**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LINA B. CALDWELL, as sister, and as Administratrix of the Estate of Larry Caldwell, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: 1:17-CV-00953 |
| AMERICAN HONDA MOTOR CO., INC., a corporation; HONDA MOTOR CO. LTD, a corporation; HONDA NORTH AMERICA, INC., a corporation; HONDA OF CANADA MANUFACTURING d/b/a HONDA CANADA, INC., a corporation; HONDA R&D AMERICAS, INC., a corporation; and HONDA R&D CO., LTD, a corporation; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This case arises from a single-vehicle accident that occurred on or about April 3, 2016 involving a 2015 Honda CRV. Plaintiff brings claims for strict product liability (including failure to warn) and negligence arising out of Defendants' design, manufacture, testing, distribution, and/or sale of the subject 2015 Honda CRV. Defendants deny all liability.**

(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

**Plaintiff alleges that Defendants designed, manufactured, and distributed the subject 2015 Honda CRV.  On April 3, 2016, Larry Caldwell was driving the subject 2015 Honda CRV when he was caused to lose control of the vehicle, leave the road, and collide with a tree.  Plaintiff alleges that as a result of the collision, Mr. Caldwell suffered severe injuries that ultimately resulted in his death on April 16, 2016.**

(c) The legal issues to be tried are as follows:

**(1) Whether Honda Defendants are liable for the injuries and wrongful death of Plaintiff's decedent, under theories of strict liability (including failure to warn) and negligence?**

**(2) Whether Defendants are liable for punitive damages?**

**(3) Did the conduct of Mr. Caldwell cause or contribute to the subject accident?**

**(4) Did any negligence of Mr. Caldwell exceed any negligence of the Defendants?**

**(5) Did the conduct of any other person or entity cause or contribute to the subject accident or to Mr. Caldwell's injuries?**

**(6)** **Whether fault should be apportioned to Mr. Caldwell or to any non-parties.**

**(7)** **Whether Mr. Caldwell's injuries were caused by any alleged defect in the subject vehicle.**

**(8)** **Whether Mr. Caldwell's injuries were caused by any alleged negligence on the part of any Defendant.**

**(9)** **The measure of Plaintiff's damages should liability be found.**

(d) The cases listed below (include both style and number) are:

(1) Pending Related Cases:

**None.**

(2) Previously Adjudicated Related Cases:

**None.**

**2.** **This case is complex because it possesses one or more of the features listed below (please check):**

    ___ (1)   Unusually large number of parties
    ___ (2)   Unusually large number of claims or defenses
    _X_ (3)   Factual issues are exceptionally complex
    _X_ (4)   Greater than normal volume of evidence
    _X_ (5)   Extended discovery period is needed
    ___ (6)   Problems locating or preserving evidence
    ___ (7)   Pending parallel investigations or action by government
    _X_ (8)   Multiple use of experts
    _X_ (9)   Need for discovery outside United States boundaries
    _X_ (10)  Existence of highly technical issues and proof

___ (11)  Unusually complex discovery of electronically stored information

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

> **Plaintiff:**      **Thomas P. Willingham**
> **POPE MCGLAMRY, PC**
> **3391 Peachtree Road NE, Suite 300**
> **Atlanta, GA  30326**
>
> **Defendants:**      **Charles K. Reed**
> **P. Michael Freed**
> **Marcus T. Strong**
> **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
> **1180 Peachtree Street NE, Suite 2900**
> **Atlanta, GA 30309**

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___ Yes  _X_  No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional problems.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.  Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

> **None.**

(b) The following persons are improperly joined as parties:

**The Honda Defendants contend that a number of the Honda entities named as defendants in this case are not proper parties. Counsel is attempting to work with Plaintiff to determine the proper defendants.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Amended pleadings may be necessary depending on the terms of an agreement between the parties regarding the proper defendants.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.  Filing Times for Motions:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed order is submitted.  Refer to Local Rule 7.2E.

## 8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.   Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The Parties will serve their Initial Disclosures on June 8, 2017.**

## 9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**At the present time, the parties do not request a scheduling conference with the Court.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff:  The design, testing, manufacture, marketing, distribution, and sale of the subject 2015 Honda CRV, in particular discovery will be sought on the occupant restraint system of the subject vehicle; Defendants' notice and knowledge of the product defects at issue; the warnings regarding the subject 2015 Honda CRV and whether those warnings were sufficient; the sale, maintenance, and repair history of the subject 2015 Honda CRV; the facts and circumstances concerning the subject incident; expert discovery, including documents and**

**testimony from accident reconstructionist and other experts; and all items of damages, including the full value of the life of Plaintiff's decedent. Plaintiff also requests discovery on whether the Defendants' actions were conducted willfully, recklessly, or with a wanton disregard for human life in the design of the 2015 Honda CRV.**

**Defendants:  Discovery will be needed on all of the issues to be tried identified in 1(c) above.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**All Honda Defendants filed their Answers on May 1, 2017 (Docs. 18-23).  Therefore, at present, discovery was due to begin on June 1, 2017 and close October 1, 2017 (4 months track).  However, based on the complex nature of this case, as well as the parties' anticipated need for multiple experts and extensive discovery, the parties request an extended discovery period of 10 months, to expire on <u>April 1, 2018</u>.**

**11.Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Due to the complexity of the issues in this case, the Parties jointly request changes to be made in the limitations on discovery imposed by the Federal Rules as follows:  35 Interrogatories.**

(b) Is any party seeking discovery of electronically stored information?

    __X__ **Yes**     _____ **No**

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Plaintiff has requested that Defendants not produce electronically stored information in TIF format, and has stated a preference for PDF or native format.  Defendants agree to take reasonable steps to accommodate Plaintiff's request to the extent possible, and will make reasonable efforts to produce the majority of electronically stored information in PDF.**

**The parties believe they can fulfill their respective discovery obligations and are committed to the meet and confer process should additional questions arise during the normal course of discovery.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Defendants anticipate the need for a protective order governing the discovery in this case.  Defendants will work with Plaintiff in an effort to present a Joint Stipulated Protective Order for the Court's consideration.**

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 30, 2017, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to the party.

**For Plaintiff:  Caroline G. McGlamry**

**Other participants: None**

**For Honda Defendants:  P. Michael Freed**

**Other participants: None**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   **(__)  A possibility of settlement before discovery.**

   **( X )  A possibility of settlement after discovery.**

   **(__)  A possibility of settlement, but a conference with the judge is needed.**

   **(__)  No possibility of settlement.**

(c) Counsel (X) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference has yet to be determined.

(d) The following specific problems have created a hindrance to settlement in this case.

   **None at this time.**

## 14. Trial by Magistrate Judge:

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties ( X ) do not consent to having this case tried before a

magistrate judge of this Court.

Submitted this 1st day of June, 2017.

| | |
|---|---|
| _s/ Thomas P. Willingham_ | _s/  P. Michael Freed_ |
| Thomas P. Willingham | Charles K. Reed |
| Georgia Bar No. 235049 | Georgia Bar No. 597597 |
| Caroline G. McGlamry | P. Michael Freed |
| Georgia Bar No. 230832 | Georgia Bar No. 061128 |
| **POPE McGLAMRY, P.C.** | Marcus T. Strong |
| 3391 Peachtree Road, NE, Suite 300 | Georgia Bar No. 397186 |
| P.O. Box 191625 (31119-1625) | 1180 Peachtree Street, NE. |
| Atlanta, GA  30326 | Suite 2900 |
| (404) 523-7706 | Atlanta, GA 30309 |
| Fax (404) 524-1648 | 404.348.8585 (t) |
| efile@pmkm.com | 404.467.8845 (f) |
| | Chuck.Reed@lewisbrisbois.com |
| | Michael.Freed@lewisbrisbois.com |
| Peter A. Law | |
| Georgia Bar No. 439655 | |
| LAW & MORAN | |
| 563 Spring Street NW | |
| Atlanta, GA 30308 | |
| (404) 814-3700 | |
| Fax (404) 842-7710 | |
| pete@lawmoran.com | |

_Attorneys for Plaintiff_

12